A & R TRANSPORT, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 78–2300.

United States Court of Appeals,
Seventh Circuit.

Argued April 23, 1979.

Decided June 26, 1979.

James L. Brusatte, Ottawa, Ill., for petitioner.

Richard Michael Fischl, N. L. R. B., Washington, D. C., for respondent.

Before CUMMINGS, Circuit Judge, MOORE, Senior Circuit Judge,* and TONE, Circuit Judge.

TONE, Circuit Judge.

This case comes before us on a petition to review an unfair labor practice order of the National Labor Relations Board and the Board's cross-petition for enforcement of the order. We deny enforcement insofar as the order determines an attorney's interview of a witness in preparation for the hearing to have been an unfair labor practice, and otherwise grant enforcement.

The Board issued the challenged order to cease and desist and for reinstatement and

* The Honorable Leonard P. Moore, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, is sitting by designation.

backpay upon affirming findings of the Administrative Law Judge that the employer (a) suspended and later discharged an employee for engaging in activities in support of unionization, in violation of §§ 8(a)(3) and (1) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(3) and (1); (b) characterized union adherents as "troublemakers," in violation of § 8(a)(1); (c) created the impression it was conducting surveillance of its employees' union activities and threatened them with discharge for engaging in such activities, in violation of § 8(a)(1); and (d), through its attorneys, conducted a coercive interrogation of an employee concerning his union activities, in violation of § 8(a)(1).

Except for the last finding, relating to coercive interrogation by the attorney, we are satisfied that the Board's order is supported by substantial evidence on the record considered as a whole. *Universal Camera Corp. v. N. L. R. B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The evidence supporting the portions of the order that are enforced is adequately set forth in the published decision of the ALJ, 237 N.L.R.B. No. 164 (1978). This opinion deals only with the attorney's interview of a prospective witness.

In preparation for the hearing that was to be held three days later before the ALJ, the employer's attorney, in the presence of its president, interviewed an employee who was expected to be a witness at the hearing. The attorney's testimony as to what was said, credited by the ALJ, was as follows: The attorney told the employee "he would get into no trouble because of any statements he made to counsel and there would be no reprisals against him." The attorney "did not tell [the employee] that he had to stay there, and limited what he asked him to issues concerning the case." The employee was not told, however, that he "did not have to speak to [the attorney] if he did not want to and that no reprisals would be taken against him if he did not so speak." Although the ALJ was convinced that the latter omission was "inadvertent and free from unlawful motivation," he nevertheless held that it made the interro-

gation a violation of § 8(a)(1) of the Act because of *Johnnie's Poultry Co.*, 146 N.L.R.B. 770 (1964), *enforcement denied*, 344 F.2d 617 (8th Cir. 1965).

In that decision the Board had declared that the following rules must be observed by an employer in interrogating employees for a legitimate purpose, which in that case was determining whether the union represented a majority of the employees:

> [T]he employer must communicate to the employee the purpose of the questioning, assure him that no reprisal will take place, and obtain his participation on a voluntary basis; the questioning must occur in a context free from employer hostility to union organization and must not be itself coercive in nature; and the questions must not exceed the necessities of the legitimate purpose of prying into other union matters, eliciting information concerning an employee's subjective state of mind, or otherwise interfering with the statutory rights of employees. When an employer transgresses the boundaries of these safeguards, he loses the benefits of the privilege.

146 N.L.R.B. at 775 (footnotes omitted). In the case at bar the Board agreed with the ALJ's application of *Johnnie's Poultry*.

It is less than clear, we note at the outset, that the attorney in this case failed to observe the *Johnnie's Poultry* standard in question, which required him to "assure [the employee] that no reprisal will take place." 146 N.L.R.B. at 775. The attorney's statement that "there would be no reprisals against [the employee]" does not appear to be restricted to reprisals for what the employee said in the interview, as distinguished from reprisals for declining to discuss the matter. We therefore start with what, especially in light of the attorney's entire statement to the employee, appears to us to be a hypertechnical application of *Johnnie's Poultry*. We shall assume, however, that the attorney's statement did not quite measure up to the standard.

It is the Board's position that failure to adhere strictly to the rules set forth in

*Johnnie's Poultry* constitutes a *per se* violation of § 8(a)(1). That position, which is consistent with the last sentence of the above-quoted passage from the decision, has not been adopted by the courts, however. The Eighth Circuit denied enforcement of the Board's order in *Johnnie's Poultry* itself, holding that the Board's determination that the interrogation was coercive was not supported by the evidence. 344 F.2d at 619. Although the court did not question the interrogation rules enunciated by the Board, it set aside the order even though, apparently, see 146 N.L.R.B. at 784, the interviewed employees were not specifically informed that they could refuse to consent to the interview. The Second Circuit has not followed *Johnnie's Poultry* and employs its own "totality of the circumstances" test for coercion. *N. L. R. B. v. Monroe Tube Co.*, 545 F.2d 1320, 1328 & n. 16 (2d Cir. 1976). The Fifth and Sixth Circuits have approved the interrogation rules set forth in *Johnnie's Poultry* without employing a *per se* rule. *N. L. R. B. v. Neuhoff Bros., Packers, Inc.*, 375 F.2d 372, 378 (5th Cir. 1967); *Montgomery Ward & Co. v. N. L. R. B.*, 377 F.2d 452, 456 (6th Cir. 1967). The D.C. Circuit has applied the interrogation rules of *Johnnie's Poultry* but does not seem to have adopted a *per se* approach. *International Union, United Automobile, Aerospace and Agricultural Implement Workers v. N. L. R. B.*, 129 U.S.App.D.C. 196, 204, 392 F.2d 801, 809 (1967), *cert. denied*, 392 U.S. 906, 88 S.Ct. 2058, 20 L.Ed.2d 1364 (1968).

[redacted] The interrogation standards set forth in *Johnnie's Poultry* are relevant in determining whether an interview was coercive and thus violative of § 8(a)(1). We join with other circuits, however, in declining to approve a *per se* rule and instead will look to the totality of the circumstances, including the purpose of the interview, the entire statement made to the employee, and the scope of the questioning. Here those circumstances indicate a lack of coercion. That conclusion is not altered by the omission the ALJ and the Board found fatal or the presence of an officer of the employer at the interview. The latter is a relevant circumstance, to be balanced with all the others, but is not controlling. The statement of the standards in the Board's *Johnnie's Poultry* opinion speaks of interviewing by "an employer," so an interview conducted solely by the employer would be permissible under that opinion if the standards set forth therein were observed. Moreover, the ALJ here relied solely upon the attorney's omission described above, not the presence of the employer's officer, and the Board approved that holding without qualifying it. We conclude that the interview in the case at bar, undertaken by an attorney for the proper purpose of preparing for a hearing and accompanied by assurances that would, as a practical matter, allay any fear of retaliation, was not coercive.

Enforcement of the provisions of the order concerning coercive interrogation is denied. In all other respects enforcement is granted.

Enforcement Granted In Part And Denied In Part.